# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| JUDITH SIEVERT, Individually and on Behalf of All Others Similarly Situated, | Case No.: 17-cv-1217 |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | **Jury Trial Demanded** |
| ALLIANCE ONE RECEIVABLES MANAGEMENT, INC., | |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Judith Sievert is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

5. Defendant Alliance One Receivables Management, Inc. ("Alliance One") is a debt collection agency with its principal offices located at 4850 E Street Road, Suite 300, Trevose, PA 19053.

6. Alliance One is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. Alliance One is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Alliance One is a debt collector as defined in 15 U.S.C. § 1692a.

## FACTS

8. On or about September 23, 2016, Alliance One mailed a debt collection letter to Plaintiff Judith Sievert regarding an alleged debt, allegedly owed "CAPITAL ONE BANK (USA), N.A." ("Capital One"). A copy of this letter is attached to this complaint as Exhibit A.

9. Upon information and belief, the alleged debt that Alliance One was attempting to collect was a personal credit card account, and used only for personal, family or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Upon information and belief, Exhibit A is a form debt collection letter used by Alliance One to attempt to collect alleged debts.

12. Upon information and belief, Exhibit A is the first written communication that Alliance One sent to Plaintiff regarding the alleged debt to which Exhibit A refers.

13. Exhibit A contains the following settlement offer:

> At this time, we would like to offer to settle your account for 30% off the balance! That's a total settlement amount of $456.08. Upon receipt and clearance of your payment, we will immediately cease collection activity and will notify our client that you have settled your account.
>
> If you can't pay the settlement amount within 30 days, please call 800-279-3480 to discuss other options including a variety of payment plans.

14. The letter purports to offer settling the debt for about 70% of the total alleged debt.

15. The settlement offer in Exhibit A falsely states or implies that the settlement offer is valid only if payment is made within 30 days. (Exhibit A).

16. Upon information and belief, Alliance One had authority from Capital One to settle consumers' accounts for 70% of the amount owed, or less, at any time.

17. Statements such as a settlement offer is a "limited time offer," or that the offer expires on a specific date, or that payments must be received by that date, are false and misleading because the same offer is, upon information and belief, available at any time.

18. Such false statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited-time opportunity, when in reality, there is no such time limit.

19. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters:

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

20. Alliance One did not use the safe harbor language in Exhibit A.

21. Upon information and belief, the deadline in Exhibit A to respond to the settlement offer is a sham. There is no actual deadline. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

3

22. Plaintiff was confused by Exhibit A.

23. Plaintiff had to spend time and money investigating Exhibit A and the consequences of any potential responses to Exhibit A.

24. Plaintiff had to take time to obtain and meet with counsel, including travel to counsel's office by car and its related expenses (including but not limited to the cost of gasoline and mileage), to advise Plaintiff on the consequences of Exhibit A.

13. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of

4

which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

25. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses")..

26. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

28. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

29. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

5

## COUNT I – FDCPA

30. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

31. <u>Exhibit A</u> includes false statements to the effect that the settlement offer is for a limited time only.

32. Upon information and belief, the creditor and/or Alliance One would settle Plaintiff's and class members' debts at the offered discount and likely for less at any time, regardless of the supposed deadline.

33. Defendant violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ALLEGATIONS

34. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by <u>Exhibit A</u> to the complain in this action, (c) seeking to collect a debt for personal, family or household purposes, (d) between September 8, 2016 and September 8, 2017, inclusive, (e) that was not returned by the postal service.

35. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

36. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e, 1692e and 1692f.

37. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

39. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

40. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a)  actual damages;

(b)  statutory damages;

(c)  attorneys' fees, litigation expenses and costs of suit; and

(d)  such other or further relief as the Court deems proper.

Dated: September 8, 2017

**ADEMI & O'REILLY, LLP**

By: s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com